UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DANIEL CONSTANTINE and EASTHAMPTON )
FIREFIGHTERS UNION, LOCAL 1876, )
INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, )
        Plaintiffs )
)
v. )   05 - 30203 - MAP
)
CITY OF EASTHAMPTON, MASSACHUSETTS )
and MICHAEL TAUTZNIK, Individually and in his )
capacity as Mayor of the City of Easthampton, )
Massachusetts, )
        Defendants )

FILING FEE PAID:
RECEIPT # 306044
AMOUNT $ 250.00
BY DPTY CLK MCK
DATE 9/13/05

**COMPLAINT, COMPENSATORY AND INJUNCTIVE RELIEF REQUESTED,
AND JURY DEMAND**

I.   <u>INTRODUCTION</u>.

    1.   This is an action brought under the First Amendment to the United States Constitution challenging the conduct of the Mayor of the City of Easthampton, Massachusetts in depriving Plaintiff Constantine, an officer in the Easthampton Firefighters Union, of a promotional opportunity because of his and his union's assertion of speech and conduct protected by the First Amendment to the United States Constitution.

1

II.   JURISDICTION.

2.   The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

III.   PARTIES.

3.   The plaintiff, Daniel Constantine, is an adult resident of Easthampton, Massachusetts, and is a firefighter for the Easthampton Fire Department. At all times relevant hereto, Mr. Constantine has been either the President or Vice President of the Easthampton Firefighters Union.

4.   The plaintiff, Easthampton Firefighters Union, Local 1876, International Association of Firefighters, is the duly certified collective bargaining agent for uniformed firefighters in the City of Easthampton, Massachusetts. The Easthampton Firefighters Union is affiliated with the Professional Firefighters of Massachusetts and the International Association of Firefighters, and is an unincorporated association recognized under M.G.L. ch.150E.

5.   The defendant, City of Easthampton, Massachusetts, is a duly incorporated municipality of the Commonwealth of Massachusetts, with a city form of government.

6.   The defendant, Michael Tautznik, is the Mayor of the City of Easthampton, Massachusetts and, on information and belief, is the appointing authority for the City of Easthampton, Massachusetts pursuant to M.G.L. ch.31, the civil service law.

IV.   **STATEMENT OF FACTS**.

7.   In 1996, Michael Tautznik (hereinafter "the Mayor") was elected Mayor of the City of Easthampton, Massachusetts (hereinafter "the City"). At the time, uniformed firefighters in the City of Easthampton were represented by the plaintiff Easthampton Firefighters Union, Local 1876, IAFF (hereinafter "Local 1876").

8.   Since his inauguration, relations between Local 1876 and the Mayor have been contentious. On numerous occasions the Union, through one of its officers, has spoken out publicly and in the newspaper on issues of public concern, including, but not limited to, decisions made by the Mayor which the Union believed seriously impacted the safety of Easthampton firefighters and the citizens of Easthampton, Massachusetts.

9.   Plaintiff Daniel Constantine has been a firefighter for the City and a member of the Local 1876 at all times relevant hereto. Mr. Constantine is a licensed paramedic for the Department, has an unblemished record of employment, and for the last five years has held the position of either President or Vice President of Local 1876.

10.   In September of 2002, plaintiff Constantine issued a statement to the press on behalf of Local 1876 regarding certain budget cuts proposed by the Mayor for the Fire Department which Mr. Constantine criticized as causing newly hired firefighters to remain untrained and unqualified for up to three years. Mr. Constantine stated that such measures would pose "an incredible safety issue for himself and other firefighters and a hell of a liability issue for the City."

11. Later, in November of 2003, Mr. Constantine issued a statement to the press on behalf of Local 1876 regarding the Mayor's elimination of two firefighter positions which he stated would leave the Department short of the personnel necessary to properly staff each shift. He stated that he was "trying to bring this concern to the people in the community, in hopes that City government will change their minds and vote to fund those two positions."

12. On at least three occasions in 2004, Mr. Constantine made statements on behalf of Local 1876 to local newspapers regarding the Mayor's action in the contracting out of Easthampton firefighters to provide ambulance services to nearby towns. Specifically, Mr. Constantine complained in these articles that the Mayor's action would significantly impair the ability of the Easthampton Fire Department to address critical public safety calls in the City of Easthampton, thereby creating a risk both to firefighters and citizens.

13. In addition, in December of 2004 and early 2005, Mr. Constantine also made statements on behalf of Local 1876 to local newspapers criticizing a proposal by the City to replace vacant permanent firefighter positions with so-called "volunteer" or "call" firefighters. Again, Mr. Constantine argued that such action would severely compromise the safety of both firefighters and citizens of Easthampton.

14. Defendant Tautznik indicated that he was concerned and upset with Mr. Constantine and Local 1876's actions in criticizing his policy initiatives. Specifically, on at least one occasion, he was quoted in the newspaper as calling the union leadership "whiners."

15. In or about February of 2005, a permanent captain position became vacant in the Easthampton Fire Department. Easthampton Fire Department promotions are governed by the Massachusetts civil service law, M.G.L. ch.31. As of 2005, plaintiff Constantine was the only Easthampton firefighter who had taken and received a passing score on the civil service examination for captain in the Easthampton Fire Department, and therefore he was ranked number one on the civil service list for such position.

16. In or about May of 2005, Fire Chief Kevin Croake convened a panel of experts to interview Mr. Constantine for such captain's position. The panel consisted of two chief fire officers from other local area departments and the Director of Human Resources for the City of Easthampton.

17. On or about May 18, 2005, Chief Croake informed plaintiff Constantine that he was being formally selected for promotion to the position of captain. Further, the Chief submitted notification paperwork to the Civil Service Commission informing it of his selection.

18. On or about May 23, 2005, Mr. Constantine was informed that defendant Tautznik had failed and refused to sign the civil service paperwork necessary to formally make the promotion of Constantine to captain.

19. Instead of promoting Constantine to the position of captain, the Mayor instead elected to make a "provisional" appointment to the position of captain of someone other than Mr. Constantine, and to not promote from the civil service list. The City decided to call for a new examination sometime in the indefinite future.

20. The defendant, Michael Tautznik, refused to approve Mr. Constantine's promotion to the position of captain as a direct result of Mr. Constantine's status as a union official who, on repeated occasions, had spoken out against the Mayor's policy and initiatives. Constantine's statements constitute protected speech about matters of "public concern" as protected by the First Amendment to the United States Constitution.

## COUNT I

### (42 U.S.C. § 1983 – First Amendment)

21. The actions of the defendants Tautznik and City of Easthampton as set forth above constitute a violation of plaintiffs Constantine and Local 1876's right of free speech, freedom of association, and freedom to petition for redress of grievances, all as protected by the First Amendment to the United States Constitution. This claim is asserted pursuant to 42 U.S.C. § 1983.

## JURY DEMAND

22. Plaintiffs demand a trial by jury on all claims.

WHERFORE, plaintiffs request this honorable court to grant them back pay, front pay, emotional distress damages, punitive damages, and damages for all lost benefits. In addition, plaintiffs request injunctive relief enjoining the Mayor from refusing to

appoint Constantine to the position of captain on the Easthampton Fire Department, and for such other and further relief, including attorney's fees and costs, as this court finds just and reasonable.

Respectfully submitted,

DANIEL CONSTANTINE AND
EASTHAMPTON FIREFIGHTERS UNION,
LOCAL 1876, INTERNATIONAL
ASSOCIATION OF FIREFIGHTERS,
By their attorneys,

Dated: September 13, 2005

_____
Harold L. Lichten, BBO #549689
Leah Barrault, BBO #661626
Pyle, Rome, Lichten, Ehrenberg &
 Liss-Riordan, P.C.
18 Tremont St., Ste. 500
Boston, MA 02108
(617) 367-7200

≋JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Daniel Constantine and Easthampton Firefighters Union, Local 1876, International Association of Fire Fighters

## DEFENDANTS
City of Easthampton, Massachusetts and Michael Tautznik, Individually and in his capacity as Mayor of the City of Easthampton Massachusetts

(b) County of Residence of First Listed Plaintiff __Hampshire__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed __Hampshire__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**05 - 30203 - MAP**

(c) Attorney's (Firm Name, Address, and Telephone Number)
Harold L. Lichten
Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan
18 Tremont St., Ste. 500, Boston, MA 02108
(617) 367-7200

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act / ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. § 1983 -- First Amendment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: September 13, 2005
SIGNATURE OF ATTORNEY OF RECORD: /s/ Harold Lichten

FOR OFFICE USE ONLY
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Daniel Constantine, et al. v. City of Easthampton, Massachusetts, et al.__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   XX  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

                    05 - 30203 - MAP

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   ____N/A____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES     (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   YES     (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES     NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES     (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   (YES)    NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

      EASTERN DIVISION       CENTRAL DIVISION      (WESTERN DIVISION)

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

      EASTERN DIVISION       CENTRAL DIVISION       WESTERN DIVISION

(PLEASE TYPE OR PRINT)   Harold L. Lichten
ATTORNEY'S NAME _____Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, P.C._____
ADDRESS _____18 Tremont St., Ste. 500, Boston, MA 02108_____
TELEPHONE NO. _____(617) 367-7200_____

(Cover sheet local.wpd - 11/27/00)