UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-30203-MAP

DANIEL CONSTANTINE and )
EASTHAMPTON FIREFIGHTERS UNION, )
LOCAL 1876, INTERNATIONAL )
ASSOCIATION OF FIREFIGHTERS, )
    Plaintiffs )
 )
vs. )
 )
CITY OF EASTHAMPTON, MASSACHUSETTS )
and MICHAEL TAUTZNIK, Individually and in )
his capacity as Mayor of the City of Easthampton, )
Massachusetts, )
    Defendants )

## DEFENDANTS' ANSWER AND DEMAND FOR TRIAL BY JURY

### AS TO INTRODUCTION

1. To the extent that paragraph 1 is deemed to allege any wrongdoing on behalf of the defendants, the defendants deny the same.

### AS TO JURISDICTION

2. The defendants deny the allegations contained in paragraph 2 of the plaintiffs' complaint.

### AS TO PARTIES

3. The defendants admit the allegations contained in the first sentence of paragraph 3 of the plaintiffs' complaint. The defendants neither admit nor deny the allegations contained in the second sentence of paragraph 3 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

412135

4. The defendants neither admit nor deny the allegations contained in paragraph 4 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

5. The defendants admit the allegations contained in paragraph 5 of the plaintiffs' complaint.

6. The defendants neither admit nor deny the allegations contained in paragraph 6 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

## AS TO STATEMENT OF FACTS

7. The defendants neither admit nor deny the allegations contained in paragraph 7 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

8. The defendants deny the allegations contained in the first sentence of paragraph 8 of the plaintiffs' complaint. The defendants neither admit nor deny the allegations contained in the second sentence of paragraph 8 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

9. The defendants neither admit nor deny the allegations contained in paragraph 9 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

10. To the extent that the allegations contained in paragraph 10 relate to a document, the defendants say that they need not respond to said allegations as the document referred to therein speaks for itself.

412135

11. To the extent that the allegations contained in paragraph 11 relate to a document, the defendants say that they need not respond to said allegations as the document referred to therein speaks for itself.

12. To the extent that the allegations contained in paragraph 12 relate to a document, the defendants say that they need not respond to said allegations as the document referred to therein speaks for itself.

13. To the extent that the allegations contained in paragraph 13 relate to a document, the defendants say that they need not respond to said allegations as the document referred to therein speaks for itself.

14. The defendants deny the allegations contained in the first sentence of paragraph 14 of the plaintiffs' complaint. The defendants neither admit nor deny the allegations contained in the second sentence of paragraph 14 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

15. The defendants admit so much of paragraph 15 as alleges that a permanent captain's position became vacant and that the plaintiff was, at the time, the only Easthampton firefighter who had taken and received a passing score on the civil service examination for captain but deny the remaining allegations as contained in paragraph 15.

16. The defendants neither admit nor deny the allegations contained in paragraph 16 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

412135

17. The defendants neither admit nor deny the allegations contained in paragraph 17 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

18. The defendants neither admit nor deny the allegations contained in paragraph 18 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

19. The defendants deny the allegations contained in paragraph 19 of the plaintiffs' complaint.

20. The defendants deny the allegations contained in paragraph 20 of the plaintiffs' complaint.

## AS TO COUNT I

21. The defendants deny the allegations contained in paragraph 21 of the plaintiffs' complaint.

## AS TO JURY DEMAND

22. The defendants say that paragraph 22 does not require a response.

## SECOND DEFENSE

The defendants say that the incident as alleged in the plaintiffs' complaint was not caused by any person for whose conduct the defendants are legally responsible.

## THIRD DEFENSE

The defendants say that this action was not commenced within the time required by the laws made and provided therefor.

412135

**FOURTH DEFENSE**

The plaintiffs are not entitled to recover as the complaint does not set forth a claim upon which relief can be granted.

**FIFTH DEFENSE**

The plaintiffs have waived or should be estopped from asserting some or all of the claims set forth in the complaint.

**SIXTH DEFENSE**

Some or all of the claims set forth in the complaint are barred by virtue of the plaintiffs' failure to mitigate their damages.

**SEVENTH DEFENSE**

The defendants cannot be held liable for violating the civil rights of the plaintiffs as there has been no official or unofficial policy, custom, ordinance, regulation, or practice resulting in the deprivation of constitutional rights alleged.

**EIGHTH DEFENSE**

The doctrine of qualified immunity precludes the imposition of liability.

**NINTH DEFENSE**

The defendants say that they are immune from liability for damages for any violation of the plaintiffs' civil rights under federal or state law since their conduct at all relevant times was in good faith, without malice and not in disregard of settled principles of constitutional law.

**TENTH DEFENSE**

The defendants state that at all times they acted reasonably, within the scope of their official discretion and with a good faith belief that their actions were lawful and not in violation of any

412135

clear established statutory or constitutional right of which a reasonable person would have known with regard to all matters in the complaint which bear on a state or federal question.

### ELEVENTH DEFENSE

The defendants state that a civil rights action against the defendants must fail since they cannot be held liable under the *respondeat superior* doctrine and the plaintiffs have failed to show that the defendants caused the alleged constitutional violation.

### TWELFTH DEFENSE

The defendants state that the plaintiffs' claim must fail since the defendants were, at all relevant times, discharging discretionary functions and, thus, are entitled to immunity.

### THIRTEENTH DEFENSE

The defendants say that their acts and conduct were performed according to and protected by law and/or legal process and, therefore, the plaintiffs cannot recover.

### FOURTEENTH DEFENSE

The defendants state that plaintiffs have failed to set forth an actionable claim, pursuant to 42 U.S.C. § 1983 since the plaintiffs are unable to establish that there was a deliberate indifference to the rights of its inhabitants or that the alleged deficiency is related to plaintiffs' alleged injuries.

### FIFTEENTH DEFENSE

The defendants state that the plaintiffs' claims, pursuant to 42 U.S.C. § 1983, must fail since they had an adequate post deprivation remedy.

412135

## SIXTEENTH DEFENSE

The defendants say that the plaintiffs lack standing to sue and, therefore, the complaint must be dismissed.

THE DEFENDANTS HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

THE DEFENDANTS
CITY OF EASTHAMPTON,
MASSACHUSETTS, et als.

By  */s/ Nancy Frankel Pelletier*
Nancy Frankel Pelletier, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.: 544402

## CERTIFICATE OF SERVICE

I, Nancy Frankel Pelletier, Esq., hereby certify that on this 7th day of November, 2005, I served a copy of the above upon the parties in the action by mailing, postage prepaid, to counsel, Harold L. Lichten, Esq. and Leah Barrault, Esq., Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, P.C., 18 Tremont Street, Suite 500, Boston, MA  02108.

Subscribed under the penalties of perjury.

*/s/ Nancy Frankel Pelletier*
Nancy Frankel Pelletier, Esq.

412135