UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL CONSTANTINE and EASTHAMPTON FIREFIGHTERS UNION, LOCAL 1876, INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, Plaintiffs<br><br>v.<br><br>CITY OF EASTHAMPTON, MASSACHUSETTS and MICHAEL TAUTZNIK, Individually and in his capacity as Mayor of the City of Easthampton, Massachusetts,<br>Defendants | USDC Case No:<br>05-CV-30203 |

**JOINT MOTION FOR A PROCEDURAL ORDER OF ADMINSTRATIVE CLOSURE**

Plaintiffs Daniel Constantine and Easthampton Firefighters Union and the Defendants City of Easthampton and Michael Tautznik hereby jointly move to this Court to administratively close (dismiss without prejudice), this matter.

As grounds, the parties have reached a settlement agreement that involves the resolution of this case. A copy of said settlement agreement is attached to this Motion as Exhibit A. The Plaintiff has agreed, among other things, to withdraw this case. In consideration, the Defendants have agreed, among other things, to promote Plaintiff Constantine to the position of captain in the Easthampton Fire Department, a promotion that the Plaintiff alleges he was denied as the direct result of his first amendment activity. Plaintiff Constantine's promotion, however, has not yet occurred and is instead *contingent* upon the passage of legislation now before the Massachusetts Legislature which would in effect create the captain's vacancy for Constantine to fill. The passage of this legislation is almost certain, however, it may take several months to come to fruition. If such legislation is not passed, or if Plaintiff Constantine is not promoted to

the position of captain by December 1, 2006, or sixty (60) days thereafter, the parties' settlement agreement is voidable by either party and if voided this litigation, among other things, would be reinstituted.

In order to avoid the necessity for counsel to appear at periodic status conferences and so that the court may efficiently manage its docket, the court orders that the above entitled action be, and it hereby is administratively closed (dismissed without prejudice), pending all contingencies coming to fruition in the parties' settlement agreement. The action shall then be restored to the docket upon motion of any party (which motion shall make specific reference to this order) if it appears from the motion that further proceedings in this court are required.

Therefore, and for these reasons, the parties respectfully request this Court to grant their motion and administratively close (dismiss without prejudice), this matter. For the Court's convenience, the parties have drafted and attached an order for this Court to sign should it be so inclined to grant the parties' motion.

Respectfully submitted,

| FOR DEFENDANT<br>CITY OF EASTHAMPTON,<br>MICHAEL TAUTZNIK | FOR PLAINTIFF<br>DANIEL CONSTANTINE AND<br>EASTHAMPTON FIREFIGHTERS UNION,<br>LOCAL 1876, INTERNATIONAL<br>ASSOCIATION OF FIREFIGHTERS, |
|---|---|
| /s/ Patricia Rapinchuk<br>Patricia Rapinchuk, Esq.<br>Robinson Donovan, P.C.<br>1500 Main Street, Suite 1600<br>Springfield, Massachusetts 01115<br>(413) 732-2301 | /s/ Leah Marie Barrault<br>Harold L. Lichten, Esq.<br>Leah Barrault, Esq.<br>Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, P.C.<br>18 Tremont St., Ste. 500<br>Boston, MA 02108<br>(617) 367-7200 |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLERK'S NOTICE

This document can not be scanned due to its size, or the way in which it was bound.

The original is available for viewing in the Clerk's Office.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DANIEL CONSTANTINE and EASTHAMPTON FIREFIGHTERS UNION, LOCAL 1876, INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, <br>     Plaintiffs <br><br> v. <br><br> CITY OF EASTHAMPTON, MASSACHUSETTS and MICHAEL TAUTZNIK, Individually and in his capacity as Mayor of the City of Easthampton, Massachusetts, <br>     Defendants | **USDC Case No:** <br> **05-CV-30203** |

**PROCEDURAL ORDER OF ADMINSTRATIVE CLOSURE**

      The parties have reached a settlement agreement that involves the resolution of this case. A copy of said settlement agreement is attached to this Order as Exhibit A. The Plaintiff has agreed, among other things, to withdraw this case. In consideration, the Defendants have agreed, among other things, to promote Plaintiff Constantine to the position of captain in the Easthampton Fire Department, a promotion that the Plaintiff alleges he was denied as the direct result of his first amendment activity. Plaintiff Constantine's promotion, however, has not yet occurred and is instead *contingent* upon the passage of legislation now before the Massachusetts Legislature which would in effect create the captain's vacancy for Constantine to fill. The passage of this legislation is almost certain, however, it may take several months to come to fruition. If such legislation is not passed, or if Plaintiff Constantine is not promoted to the position of captain by December 1, 2006, or sixty (60) days thereafter, the parties' settlement agreement is voidable by either party and if voided this litigation, among other things, would be reinstituted.

In order to avoid the necessity for counsel to appear at periodic status conferences and so that the court may efficiently manage its docket, the court orders that the above entitled action be, and it hereby is administratively closed (dismissed without prejudice), pending all contingencies coming to fruition in the parties' settlement agreement. The action shall then be restored to the docket upon motion of any party (which motion shall make specific reference to this order) if it appears from the motion that further proceedings in this court are required.

SO ORDERED.

_____
United States District Judge

August ____, 2006